IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE J. BROWN, III,

     Plaintiff,                        No. CIV S-08-1245 GGH

     vs.

AMERISOURCEBERGEN CORPORATION,

     Defendant.                  ORDER

_____/

     Defendant's motion to dismiss was heard on July 24, 2008.[1] After hearing oral argument and reviewing the record, the court has determined that defendant's motion should have been brought as a motion under Fed. R. Civ. P. 12(b)(1) rather than 12(b)(6), and that further evidence is necessary.

     Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Since federal

---

[1] This case is before the undersigned pursuant to the parties' Consents to Proceed Before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

1

courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The party seeking to invoke the court's jurisdiction has the burden to establish it. Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583 (9th Cir. 1993). Although plaintiff normally carries the burden to prove subject matter jurisdiction, in the context of removal the removing defendant bears the burden to establish federal subject matter jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Since removal jurisdiction raises significant federalism concerns, the court must strictly construe removal jurisdiction, and remand where it is doubtful. Id. (citations omitted).

A district court has an independent duty to examine its own jurisdiction, which is ordinarily determined from the face of the complaint. Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

The determination of subject matter jurisdiction is one considered under Fed. R. Civ. P. 12(b)(1).

A motion under 12(b)(1) must be considered first because if the court lacks jurisdiction, the 12(b)(6) challenge becomes moot. Moir v. Geater Cleveland Regional Transit, 895 F.2d 266, 269 (6th Cir. 1990). Here, defendant's motion must be construed as falling under 12(b)(1) due to the jurisdictional requirement. Defendant has removed this action to federal court based on complete preemption under the Labor Management Relations Act ("LMRA"). If the court were to find that the action is not preempted, jurisdiction would be lacking as no federal claim is involved. In this case, the matter of preemption is fact driven, i.e., plaintiff must be

found to be a member of the union who had access to the grievance process in order that preemption apply. The court finds that the matter of preemption, and hence its subject matter jurisdiction, must be decided under Rule 12(b)(1) which allows factual development.

Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th

\\\\\

\\\\\

Cir. 1988).[2]

In a 12(b)(1) motion, the court is permitted to examine evidence outside the pleadings to establish the predicate jurisdictional facts. Cedars-Sinai Medical Center, 11 F.3d at 1584. Where the moving party is challenging the factual basis for the court's jurisdiction, the allegations in the complaint are not controlling and only uncontroverted facts are accepted as true for purposes of a 12(b)(1) motion. Id. at 1583. In this case, further evidence is needed to determine if there is complete preemption. Because both parties were proceeding in bringing and opposing the motion under the 12(b)(6) standards as raised by defendants, and therefore did not submit evidence in support of their position, they will now be given the opportunity to produce any such evidence.

CONCLUSION

Accordingly, IT IS ORDERED that the parties shall submit any evidence in support or in opposition to defendants' motion to dismiss, construed as brought under Rule 12(b)(1), within twenty days of this order.

DATED: November 19, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076
Brown1245.evd

---

[2] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

4